UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| 37 WATER, LLC, an Idaho Limited Liability Company,<br><br>             Plaintiff,<br><br>    v.<br><br>DHI WATER & ENVIRONMENT, INC., an Oregon Corporation and John Does 1 through 20, whose true names are unknown,<br><br>             Defendants. | Case No. 1:10-cv-347-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Plaintiff 37 Water, LLC ("37 Water") filed a complaint on June 8, 2010, against Defendant DHI Water & Environment, Inc. ("DHI"), in the district court of the Fifth Judicial District of the State of Idaho, in Blaine County, alleging breach of contract and defamation, and seeking injunctive relief. (Dkt. 1-2.) DHI removed the action to the Court on July 8, 2010, based upon diversity of citizenship under 28 U.S.C. § 1332(a)(c)(1).

**ORDER - 1**

(Dkt. 1.)

37 Water filed a Motion to Dismiss and a Motion to Remand on July 23, 2010. (Dkt. 6, 8.) The Court conducted a hearing on November 17, 2010, regarding both motions, at which the parties appeared and presented oral argument. After carefully considering the parties' arguments, memoranda, and relevant authorities, the motions will be denied for the reasons explained below.[1]

## BACKGROUND

According to the pleadings, 37 Water, an Idaho limited liability company doing business primarily in Blaine County, Idaho, entered into a written agreement with DHI, an Oregon corporation, on or about June 5, 2008, for the provision of consulting services. (Compl. Ex. A, Dkt. 1-2.)[2] 37 Water hired DHI to develop an integrated surface and ground water model for the Big Wood River Basin in Blaine County, and to develop a water rights management tool interface. (Compl. Ex. A, ¶ D, Dkt. 1-2.)

The parties' Agreement specified that it:

> shall in all respects be interpreted, enforced and governed by and under the laws of the State of Idaho without giving effect to its conflicts of law provisions. The Parties each expressly agree to the appropriateness of and consent to the venue and jurisdiction of the State of Idaho in the County of Blaine and all state and federal courts having geographical jurisdiction for such County as the exclusive forum for the purposes of any action to enforce or interpret this Agreement.

---

[1] All parties have consented to proceed before a United States Magistrate Judge. (Dkt. 14.)

[2] The parties agree that Exhibit A to the Complaint is a copy of their Agreement. (Compl. Ex. A ¶ 32; Ans. at 3, Dkt. 3.)

(Compl. Ex. A, ¶ 28, Dkt. 1-2.)

37 Water filed its Complaint alleging DHI breached the Agreement by failing to produce working models by certain deadlines, and presenting non-conforming work. 37 Water alleges also that DHI failed to adhere to the confidentiality provisions in the Agreement and uttered false statements intended to injure 37 Water, and seeks an injunction to prevent DHI from utilizing the proprietary intellectual property developed as a result of DHI's consulting work. DHI denied the allegations and filed a Counterclaim of its own. DHI alleges that it substantially complied with the parties' Agreement, and that 37 Water breached the contract by failing to pay for services rendered. DHI includes a claim for unjust enrichment, contending that 37 Water will be unjustly enriched if it is allowed to retain and use the software models DHI produced without payment.

In support of its petition for removal, DHI submitted the Affidavit of Robert Carr, the President and Managing director of DHI. (Aff. of Carr ¶ 1, Dkt. 1-5.) Mr. Carr explains that DHI is headquartered in Portland, Oregon, although it has had a certificate of authority to conduct business in the state of Idaho since July 11, 2008. (Aff. of Carr ¶ 2, 5 Dkt. 1-5.) DHI maintains a satellite office in the University of Idaho Annex located in Boise, Idaho, which is staffed by no more than two employees. The satellite office's purpose is to collect data and perform preliminary work on projects located in Idaho. (Aff. of Carr ¶ 6, Dkt. 1-5.) Otherwise, all management decisions originate from DHI's Portland headquarters.

37 Water's Motion to Dismiss and its Motion to Remand present the same

argument that this matter is not properly before this Court based upon the forum selection clause in the parties' Agreement, which specifies that the action must be brought in state court in Blaine County. 37 Water argues that DHI waived its right to removal pursuant to the Agreement by specifying Blaine County as the preferred forum. In the alternative, 37 Water claims that DHI does not meet the "nerve center" or "place of operations" test necessary to support diversity jurisdiction.

DHI argues in response first that the parties agreed Idaho law would govern the Agreement, and therefore Idaho Code § 29-110(1) invalidates the forum selection clause because Idaho has declared such clauses against public policy. Alternatively, DHI asserts the clause is unambiguous, and provides for jurisdiction in "all state and federal courts," which would include this Court. In support of its argument that the prerequisites for diversity jurisdiction are met, DHI relies upon the Affidavit of Mr. Carr and argues that the uncontroverted facts stated therein meet the "nerve center" test articulated in *Hertz v. Friend*, 130 S. Ct. 1181 (2010).

**ANALYSIS**

**1. Standard of Review**

A motion to enforce a forum-selection clause is treated as a motion under Fed. R. Civ. P. 12(b)(3). *Brandt v. Comtrust, Inc.*, No. CV06-166-S-EJL, 2006 WL 2136145 *1 (D. Idaho July 28, 2006). Under Fed. R. Civ. P. 12(b)(3), the pleadings do not need to be accepted as true and the court may consider facts outside the pleadings. *Id.* If there are controverted facts and evidence underlying the attempt to resist enforcement of the forum selection clause, the court must draw all reasonable inferences in favor of the non-moving party. *Id*.

**2. Forum Selection Clause**

DHI argues that the forum selection clause is unenforceable because it is against Idaho public policy. Alternatively, DHI asserts that the plain language of the parties' Agreement contemplated suit in either Idaho federal or state court. 37 Water argues that Idaho public policy should not be considered, and that its choice of forum in state court for Blaine County according to the parties' Agreement should be honored.

The Court in *Brandt* had occasion to consider a forum selection clause, and 37 Water does not present a compelling argument for disregarding the analysis or the Court's prior decision. *Brandt* articulated that federal law governs the determination of a forum selection clause's validity. *Brandt*, 2006 WL 2136145 at *2 (citing *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996)). According to the United States Supreme Court decision in *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), a forum

**ORDER - 5**

selection clause is prima facia valid and is only set aside if it is unreasonable. *Brandt*, 2006 WL 2136145 at *2 (citing *Argueta*, 87 F.3d at 325).

"A forum selection clause is unreasonable if (1) its incorporation into the contract was the result of fraud, undue influence, or overwhelming bargaining power; (2) the selected forum is so 'gravely difficult and inconvenient' that the complaining party will 'for all practical purposes be deprived of its day in court;' or (3) enforcement of the clause would contravene the strong public policy of the forum in which the suit is brought." *Id.* Because the Court finds that the clause contravenes strong public policy, the other two potential areas will not be discussed.

The United States Court of Appeals for the Ninth Circuit includes state public policy as a consideration when it evaluates forum selection clauses in cases involving both federal and state statutes. *Argueta*, 87 F.3d 320. A state's strong public policy may be declared either by statute or judicial decision. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir.2000). Here, not only has the suit been filed in Idaho, but the parties' Agreement specifically identifies Idaho law as controlling.[3] Therefore, Idaho public policy should apply to determine if enforcement of the clause would be

---

[3] The parties Agreement specified that it "shall in all respects be interpreted, enforced and governed by and under the laws of the State of Idaho without giving effect to its conflicts of law provisions." The parties do not dispute the validity of the Agreement, nor the choice of law provision. Idaho would enforce such a provision. *See Cerami-Kote, Inc. v. Energywave Corp.*, 773 P.2d 1143, 1145 (Idaho 1989) (citing Idaho Code § 28-1-105(1), now § 28-1-301(a), for the proposition that parties to commercial transactions have the power to choose the law applicable to their transaction). *See also DBSI Signature Place, LLC v. BL Greensboro, LP*, No. CV 05-051-S-LMB, 2006 WL 1275394 (D. Idaho May 9, 2006) (recognizing that Idaho enforces contractual choice of law provisions under the Restatement (Second) of Conflict of Laws).

**ORDER - 6**

unreasonable. *Argueta*, 87 F.3d at 325; *Cerami-Kote, Inc. v. Energywave Corp.*, 773 P.2d 1143, 1145 (Idaho 1989) (enforcing a choice of law provision).

Under Idaho law, "every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual proceedings in the ordinary tribunals . . . is void." Idaho Code § 29-110(a). The Idaho Supreme Court has interpreted this statute as articulating a strong public policy against the enforcement of forum selection clauses. *Fisk v. Royal Caribbean Cruises, Ltd.*, 108 P.3d 990, 993 (Idaho 2005). Therefore, under both statute and judicial decision, Idaho has a strong public policy against the enforcement of forum selection clauses. *Brandt*, 2006 WL 2136145 at *2. Accordingly, the Court will not enforce the forum selection clause.

37 Water argues that *Brandt* should not apply because it involved a forum selection clause that mandated out-of-state jurisdiction for a controversy otherwise properly before the United States District Court for the District of Idaho. The Court sees no reason to apply a distinction here. The forum selection clause is invalid, even though the parties selected Idaho, the forum state contemplated by the clause.

### 3. Choice of Venue

Even if the clause is not invalid under Idaho law and considered in the context of venue, 37 Water's argument that suit must be filed in state court in Blaine County is similarly unavailing. Interpretation of unambiguous language in a contract is a question of law. *Cannon v. Perry*, 170 P.3d 393, 396 (Idaho 2007). Interpretation of an ambiguous contract is a question of fact. *Id*. Whether a contract is ambiguous is a question of law. *Id*.

Under the parol evidence rule, when a contract has been reduced to a writing that the parties intended to be a final statement of their agreement, evidence of any prior or contemporaneous agreements or understandings which relate to the same subject matter is not admissible to vary, contradict, or enlarge the terms of the written contract. *Id*.

The Court finds the clause unambiguous. The provision states that the parties "consent to the venue and jurisdiction of the State of Idaho *in the County of Blaine and all state and federal courts having geographical jurisdiction for such County*." (emphasis added.) The plain language contemplates filing in either state or Federal district court. The Agreement expressly includes both state and federal courts "having jurisdiction" for Blaine County. The provision does not restrict the parties' agreement to a state district court geographically situated in Blaine County, it does not contain a waiver based upon which party files first, or any other condition on selection other than a court, either state or federal, having jurisdiction over Blaine County. Venue in this Court is proper, as it has geographical jurisdiction for Blaine County. *See* Dist. Idaho Loc. Civ. R. 3.1 (listing the counties for which venue is proper in the District Court for the District of Idaho, Southern Division, including Blaine County).[4]

To the extent the clause is enforceable to specify a particular venue, the clause is

---

[4] 37 Water argued that the state court located in Blaine County would be more convenient for the parties and witnesses, as well as more cost effective. Convenience, however, is not a factor when the issue is whether a case may be filed in federal court or remanded to state court for lack of jurisdiction. The Court notes that discovery matters will likely be conducted in Blaine County near 37 Water's headquarters, and travel to Boise will be limited to hearings and trial. In addition, in the event of a jury trial, jurors will be drawn from a pool including Blaine County residents.

**ORDER - 8**

unambiguous and the Court finds that venue in this Court is proper.

**4. Diversity Jurisdiction**

28 U.S.C. §1332(a)(2) provides the basis for federal jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of a state and citizens or subjects of a foreign state." The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction; if there is any doubt to the right of removal in the first instance, federal jurisdiction must be rejected. *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *rev'd in part by Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). As a result of the strong presumption against removal jurisdiction, the party seeking removal must carry the burden of establishing that removal is proper. *Prize Frize*, 167 F.3d at 1265; *Gaus,* 980 F.2d at 566**.** The removing defendant cannot base removal on conclusory allegations. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

For purposes of both jurisdiction and removal, a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The United States Supreme Court recently issued *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010), which sought to clarify where a corporation's "principal place of business" was for purposes of diversity jurisdiction. In an attempt to unify the circuits, the Supreme Court articulated that the corporation's principal place of business, or "nerve center," refers to the place "where a

corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp.*, 130 S.Ct. at 1192.

In practice, the principal place of business should normally be the place "where the corporation maintains its headquarters–provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Id.* In cases where a corporation has several plants, sales locations, or employees located in different locations, *Hertz* directs the court to look toward "the center of overall direction, control, and coordination" and that it should no longer weigh corporate functions, assets, or revenues generated from various locations. *Id.* at 1194.

DHI has met its burden for establishing diversity jurisdiction. In support of its petition, DHI submitted the affidavit of Mr. Carr, who explained that DHI is an Oregon corporation with its headquarters located in Portland, Oregon. DHI admitted that it conducts business in Idaho, and maintains a small satellite office in Boise staffed by at most two research employees. According to the Compliant, DHI performed the Agreement in Blaine County, Idaho. But DHI explains that all corporate management decisions and business decisions are made by DHI's directors from its corporate headquarters in Portland, Oregon.

37 Water attempts to direct the Court to the amount of business DHI performed in

Idaho under its Agreement with DHI.[5] But under *Hertz*, the Court is not to weigh the relative amount of work performed in one state versus another state, but is directed to examine the center of direction, control, and coordination. DHI has met its burden of establishing that its principal place of business, for diversity of citizenship jurisdiction purposes, is Oregon. 37 Water maintains that it is an Idaho corporation. Therefore, removal was properly grounded upon diversity jurisdiction.[6]

## CONCLUSION

Based upon the foregoing analysis, the forum selection clause is unenforceable. To the extent that the parties' Agreement specified a particular venue, the Agreement unambiguously provided venue was proper in either state or federal court, and venue is proper in the Southern Division of the District of Idaho under Dist. Idaho Loc. Civ. R. 3.1. Finally, DHI has met is burden of establishing removal was proper based upon diversity of citizenship.

---

[5] Such facts would be relevant if the Court was deciding whether it had personal jurisdiction over DHI, an out-of-state defendant, under Idaho's long-arm statute. Idaho Code § 5-514(a) permits the Court to exercise jurisdiction over any person or company that transacts business within Idaho. However, DHI does not dispute that Idaho may exercise personal jurisdiction over it.

[6] The $75,000 amount in controversy threshold was met according to the allegations in the Complaint and representations made by counsel at the hearing.

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiff's Motion to Dismiss (Dkt. No. 6) is **DENIED**.

2) Plaintiff's Motion to Remand (Dkt. No. 8) is **DENIED**.

**IT IS FURTHER ORDERED THAT:**

1) Plaintiff file an answer to Defendant's counterclaim within fourteen (14) days of the date of this Order.

The Court will schedule a telephonic scheduling conference for the purpose of setting case management deadlines. A notice of hearing is forthcoming.

DATED: November 22, 2010

Honorable Candy W. Dale
Chief United States Magistrate Judge